IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREGORY LEE COLLINS, JR., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-1558-RGA |
| DALLAS COUNTY, TEXAS, | : |
| Defendants. | : |

Gregory Lee Collins, Jr., Bear, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

January 9, 2019
Wilmington, Delaware

*signature* 
**ANDREWS, U.S. District Judge:**

Plaintiff Gregory Lee Collins, Jr., proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. He commenced this action on October 10, 2018, pursuant to 42 U.S.C. § 1983, complaining of violations of his right to due process and equal protection in the Texas State Courts during divorce and child custody proceedings. (D.I. 2). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff alleges that the Family District Courts of Dallas County, Texas "fraudulently rendered default judgment and separation from his 5-month-old son. [He] has suffered from an undue financial burden of $2,200.00 in monthly child and medical support and a custom possession order that only allows for visitation with his only son at his former marital property for approximately 7 days per year. He was denied any distribution of equity in the marital property which he helped purchase and renovate." (D.I. 2 at 1-2). Plaintiff complains of actions taken by personnel in the Dallas County Domestic Relations Office and also complains that his mother is denied visitation with her only grandchild. (*Id.* at 2-3).

Plaintiff alleges violations of his constitutional rights under the United States Constitution and the Delaware Constitution. He seeks declaratory relief; asks the Court to set aside the Final Decree of Divorce entered in Case No. DF-16-06957-V; compensatory damages; injunctive relief to preclude enforcement of the divorce decree; and issuance of an order granting him temporary custody of the minor child, temporary child and medical support, and temporary spousal support.

1

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

2

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The Court has an independent obligation to address issues of subject matter jurisdiction. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'"). Here, Plaintiff states this is a "Civil Rights matter" involving constitutional violations.

However, it is readily apparent that Plaintiff is attacking orders finding against him in the Texas State Courts during divorce, child custody, and support proceedings, and that he seeks review and rejection of those decisions. The claims fall under the purview of the *Rooker-Feldman* doctrine and, therefore, this Court cannot exercise jurisdiction. It is not clear if the matter remains pending in the State Courts of Dallas County, Texas, or if it is on appeal.

If the action remains pending, under the *Younger* abstention doctrine, a federal district court must abstain from hearing a federal case which interferes with certain state proceedings.[1] *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine has been extended to civil cases and state administrative proceedings. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982); *Huffman v. Pursue Ltd.*, 420 U.S. 592 (1975). *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992).

Abstention is appropriate only when: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the federal claims. *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). The doctrine applies to proceedings until all appellate remedies have been exhausted, unless the matter falls

---

[1] The Court may raise the issue of *Younger* abstention *sua sponte*. *O'Neill v. City of Philadelphia*, 32 F.3d 785, 786 n.1 (3d Cir. 1994).

4

within one of the *Younger* exceptions.[2] *Huffman v. Pursue Ltd.*, 420 U.S. 592, 608 (1975).

To the extent there are on-going domestic relation proceedings, the *Younger* elements have been met and none of its exceptions apply. It appears there are on-going custody proceedings. In addition, "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). There is no indication that Plaintiff is unable to raise his claims and obtain relief in the state proceedings. Finally, there is no indication "of bad faith, harassment or some other extraordinary circumstance, which might make abstention inappropriate." *Anthony v. Council*, 316 F.3d 412, 418 (3d Cir. 2003). Based upon the foregoing, under the *Younger* abstention doctrine, the Court must abstain from exercising jurisdiction over Plaintiff's claims.

To the extent that Plaintiff challenges judgments or decisions of the State Courts in Dallas County, Texas, this Court lacks jurisdiction under the *Rooker-Feldman* Doctrine which deprives a District Court of jurisdiction to review, directly or indirectly, a state court adjudication. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine is narrow and confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*

---

[2]Exceptions to the *Younger* abstention doctrine exist where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id.* at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstances that would call for equitable relief." *Id.* at 54.

5

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, Plaintiff asks the Court to set aside a final decree of divorce. To the extent that Plaintiff ask this Court to invalidate orders of State Courts of Dallas County, Texas it lacks jurisdiction to do so.

Finally, Plaintiff asks the Court to enjoin enforcement of the divorce decree entered in the State Courts of Dallas County, Texas. The Anti-Injunction Act prohibits federal courts from interfering with proceedings in the state courts. "A court of the United States may not grant injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The relief Plaintiff seeks is not available from this Court.

## CONCLUSION

For the reasons discussed, the Court will abstain under the *Younger* abstention doctrine and, in the alternative, dismiss under the *Rooker-Feldman* doctrine.

An appropriate order will be entered.